No. 2--07--0424      Filed: 8-12-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| MARK O. STERN, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 06--CH--2194 |
| | ) | |
| WHEATON-WARRENVILLE | ) | |
| COMMUNITY UNIT SCHOOL | ) | |
| DISTRICT 200, | ) | Honorable |
| | ) | Edward R. Duncan, Jr., |
| Defendant-Appellee. | ) | Judge, Presiding. |

Modified Upon Denial of Rehearing

PRESIDING JUSTICE GILLERAN JOHNSON delivered the opinion of the court:

Mark O. Stern appeals the trial court's order granting summary judgment in favor of Wheaton-Warrenville Community Unit School District 200. Stern sought to enjoin the District from denying his requests for the superintendent's employment contract under the Illinois Freedom of Information Act (FOIA) (5 ILCS 140/1 et seq. (West 2004)). This appeal presents issues of first impression in this district: whether the employment contract is exempt from disclosure under the FOIA and whether the superintendent's disclosures of his contract to third parties waive the District's claim of exemption. We determine that there are issues of material fact regarding whether any portion of the contract is exempt under the FOIA and whether any claim of exemption was waived. Thus, we reverse and remand for further proceedings.

## I. BACKGROUND

On January 26, 2006, Stern submitted a request to the District under the FOIA, seeking a copy of the District's employment contract with Gary Catalani, its superintendent. The District denied the request, stating that the contract was contained in Catalani's personnel file and that it was therefore per se exempt from disclosure under the FOIA.

Stern obtained a nonbinding Attorney General opinion that the employment contract was not exempt and sent a new request for the contract. See Long v. Long, 15 Ill. App. 2d 276, 284 (1957) (opinion of the Attorney General may not be binding, but is persuasive). The District again denied the request. Stern appealed to the president of the school board, who upheld the District's determination.

Stern obtained a second Attorney General opinion stating that the contract was not exempt from disclosure and that disclosure was also required under article VIII, section 1, of the Illinois Constitution (Ill. Const. 1970, art. VIII, §1)--a section pertaining to public funds. He then filed a complaint seeking to enjoin the District from refusing to comply with the FOIA. In the complaint, Stern alleged that the District refused to provide the contract to him but that it provided the contract to other parties who requested it. Stern also cited the Illinois Constitution as a reason why the contract was a public record that was not exempt from disclosure under the FOIA, but he did not include a separate constitutional claim. After a period of discovery, the District moved for summary judgment.

A hearing was held and the parties disagreed about the effect of previous disclosures of Catalani's contract. Stern submitted copies of FOIA requests from others who sought and received copies of the contract. For example, on May 2, 2006, after Stern's requests were denied, a

representative of the Daily Herald newspaper submitted a FOIA request to the District, and Catalani faxed from his office a copy of the contract with a letter stating that it was "per your request."

Next, on October 11, 2006, a representative of the Chicago Tribune newspaper also requested the employment contract, citing the FOIA. In that instance, the District's records manager responded that it had previously given a copy of the contract to the Daily Herald before it was aware of a Third District case holding that items found in personnel files were per se exempt from disclosure. See Copley Press, Inc. v. Board of Education for Peoria School District No. 150, 359 Ill. App. 3d 321, 324-25 (2005). The records manager then wrote: "Since there is nothing unusual in Dr. Catalani's contract, he will make it available to you for review should you wish to come into the School Services Center to inspect it."

At his deposition, Catalani testified that copies of his employment contract were located in his personnel file, home, and office, and that various District board members and the director of business operations also had copies. He testified that he viewed the employment contract as private information and stated that, although the Daily Herald and the Chicago Tribune made FOIA requests for the contract, he personally decided to supply them with copies outside the FOIA process. He testified that he faxed the Daily Herald a personal copy from his office. Catalani stated that he also personally decided to allow the representative of the Chicago Tribune to see a personal copy at his office. The deposition testimony indicates that Catalani did not put any particular restrictions on the use of the information by the newspapers, but that he trusted them not to publish the entire contract.

The trial court granted the District's motion for summary judgment, holding that the employment contract was per se exempt under the FOIA because it was part of Catalani's personnel file. In reaching this decision, the trial court relied on Copley (at that time the most recent case to

address the issue) and did not have the benefit of the Fourth District opinion in Reppert v. Southern Illinois University, 375 Ill. App. 3d 502 (2007), which was issued after the trial court's decision. The trial court did not address Catalani's previous disclosures of the contract to third parties. Stern appeals.

## II. ANALYSIS

On appeal, Stern cites Reppert and contends that, although located in a personnel file, the employment contract is not exempt from disclosure under the FOIA and must be disclosed because it bears on the public duties of a public official. Stern also argues that, even if the contract falls within an exemption, the District waived the exemption when Catalani provided the contract to the two newspapers. We address first whether the requested material is exempt and then whether the District waived that exemption.

### A. General Principles

We review the summary judgment order de novo. Reppert, 375 Ill. App. 3d at 504. In addition, we review de novo issues of statutory interpretation. Reppert, 375 Ill. App. 3d at 504.

"Summary judgment is proper if, 'when viewed in the light most favorable to the nonmoving party, the pleadings, depositions, admissions, and affidavits on file demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " Reppert, 375 Ill. App. 3d at 504, quoting Illinois State Chamber of Commerce v. Filan, 216 Ill. 2d 653, 661 (2005).

A " 'review of the FOIA *** is guided by several well-established principles of statutory construction. It is well settled that the primary objective of [a] court when construing the meaning of a statute is to ascertain and give effect to the intent of the General Assembly.' " Reppert, 375 Ill.

App. 3d at 504-05, quoting <u>Southern Illinoisan v. Illinois Department of Public Health</u>, 218 Ill. 2d 390, 415 (2006). In determining legislative intent, the inquiry begins with the plain language of the statute. <u>Reppert</u>, 375 Ill. App. 3d at 505. All provisions of the statute are viewed as a whole. Accordingly, words and phrases should not be construed in isolation, but must be interpreted in light of other relevant provisions of the statute, and we presume that the legislature did not intend absurdity, inconvenience, or injustice. <u>Reppert</u>, 375 Ill. App. 3d at 505.

"The purpose of the FOIA is to open governmental records to the light of public scrutiny. Thus, under the FOIA, a presumption exists that public records be open and accessible." <u>Reppert</u>, 375 Ill. App. 3d at 505. The legislative intent is set forth in section 1 of the FOIA and provides in part:

"Pursuant to the fundamental philosophy of the American constitutional form of government, it is declared to be the public policy of the State of Illinois that all persons are entitled to full and complete information regarding the affairs of government and the official acts and policies of those who represent them as public officials and public employees consistent with the terms of this Act. Such access is necessary to enable the people to fulfill their duties of discussing public issues fully and freely, making informed political judgments and monitoring government to ensure that it is being conducted in the public interest." 5 ILCS 140/1 (West 2004).

"Public records" are defined as follows:

"(c) *** 'Public records' includes, but is expressly not limited to: *** (vii) all information in any account, voucher, or contract dealing with the receipt or expenditure of public or other funds of public bodies; (viii) the names, salaries, titles, and dates of

employment of all employees and officers of public bodies ***."  5 ILCS 140/2(c) (West 2004).

"The [FOIA] does create exceptions to disclosure, but those exceptions are to be read narrowly."  Lieber v. Board of Trustees of Southern Illinois University, 176 Ill. 2d 401, 407 (1997). Section 7 of the FOIA contains the exceptions to disclosure, providing in part:

"(1) The following shall be exempt from inspection and copying:

***

(b) Information that, if disclosed, would constitute a clearly unwarranted invasion of personal privacy, unless the disclosure is consented to in writing by the individual subjects of the information.  The disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy.  Information exempted under this subsection (b) shall include but is not limited to:

***

(ii) personnel files and personal information maintained with respect to employees, appointees or elected officials of any public body[,] or applicants for those positions[.]"  (Emphasis added.)  5 ILCS 140/7(1)(b)(ii) (West 2004).

In addition, section 8 of the FOIA provides as follows:

"If any public record that is exempt from disclosure under [s]ection 7 of this Act contains any material which is not exempt, the public body shall delete the information

which is exempt and make the remaining information available for inspection and copying."

5 ILCS 140/8 (West 2004).

"When a public body receives a proper request for information, it must comply with that request unless one of the narrow statutory exemptions applies." Lieber, 176 Ill. 2d at 407. "If the public body seeks to invoke one of the exemptions in section 7 as grounds for refusing disclosure, it is required to give written notice specifying the particular exemption claimed to authorize the denial." Lieber, 176 Ill. 2d at 408. If the requesting party later challenges the denial in court, the public body has the burden of proving that the records fall within the exemption it has claimed. Lieber, 176 Ill. 2d at 408. "Section 11(f) of the FOIA *** requires the trial court to conduct whatever in camera inspection of the requested records it finds appropriate to determine whether the records or any part of them may be withheld under the Act." BlueStar Energy Services, Inc. v. Illinois Commerce Comm'n, 374 Ill. App. 3d 990, 995 (2007).

### B. Employment Contracts Under the FOIA

The District's argument that the employment contract is per se exempt from disclosure stems from two cases. Lieber, 176 Ill. 2d at 408-09; Copley, 359 Ill. App. 3d at 324-25. In Lieber, the Illinois Supreme Court determined that the names and addresses of people who had been accepted to Southern Illinois University, but had not yet enrolled, were not exempt information under the FOIA. In reaching that determination, the court discussed the construction of exemptions under section 7:

"Most of the exemptions set forth in section 7 of the Act [citation] are specific, identifying the particular public records that are not subject to disclosure. Where the public body claims that a requested document falls within one of these specifically enumerated

categories and is able to prove that claim, no further inquiry by the court is necessary. The documents 'shall be exempt from inspection and copying.' " Lieber, 176 Ill. 2d at 408, quoting 5 ILCS 140/7(1) (West 1994).

The court stated: "This per se rule applies to the specific exemptions set forth in the subsections of section 7(1)(b) of the Act [citation], which pertains to '[i]nformation that, if disclosed, would constitute a clearly unwarranted invasion of personal privacy,' just as it does to the other exemptions in section 7." Lieber, 176 Ill. 2d at 408, quoting 5 ILCS 140/7(1)(b) (West 1994). The Lieber court ultimately concluded that the information sought did not fall under any exemption, because the exemptions applied to students and the request sought information about people who were not yet enrolled. Lieber, 176 Ill. 2d at 410.

In Copley, the Third District applied Lieber to determine that a school district superintendent's performance evaluations and a letter stating the reasons for his dismissal were per se exempt from disclosure under the FOIA. Noting the language from Lieber about per se exemptions, the court observed that a personnel file is per se exempt under section 7(1)(b)(ii). The court stated that, while the FOIA does not define the term "personnel file," the file could "reasonably be expected to include documents such as a resume or application, an employment contract, policies signed by the employee, payroll information, emergency contact information, training records, performance evaluations and disciplinary records." Copley, 359 Ill. App. 3d at 324. Acknowledging that a document cannot be made part of a personnel file simply by placing it in there, the court stated that, because the evaluations and letter were precisely what one would expect to find in a personnel file, they were per se exempt from disclosure. Copley, 359 Ill. App. 3d at 325, citing CBS, Inc. v. Partee, 198 Ill. App. 3d 936, 942 (1990).

Here, the trial court determined that Copley was binding on it and thus determined that Catalani's employment contract was exempt from disclosure. The District argues that Copley is binding on this court as well. But a decision of one appellate court district is not binding on other districts. People v. Johnson, 363 Ill. App. 3d 1060, 1071-72 (2005). Rather, we construe the FOIA de novo, taking into account the holdings of Lieber, Copley, and the recent Fourth District decision in Reppert, which declined to follow Copley and held that public employees' employment contracts were subject to disclosure under the FOIA. Reppert, 375 Ill. App. 3d at 507.

In Reppert, the plaintiffs sought disclosure of the employment contracts of employees of Southern Illinois University. The Reppert court initially observed that the language of the FOIA suggests in two places that employment contracts of public employees are nonexempt and subject to disclosure. First, employment contracts fall under the statutory definition of "public records," in that such records include "all information in any *** contract dealing with the receipt or expenditure of public *** funds" and also contain "the names, salaries, titles, and dates of employment of *** employees and officers of public bodies." 5 ILCS 140/2(c)(vii), (viii) (West 2006). Second, under section (7)(1)(b), employment contracts contain " 'information that bears on the public duties of public employees and officials' " which " 'shall not be considered an invasion of personal privacy' and, as a matter of law, [is] not exempt from disclosure under section 7." Reppert, 375 Ill. App. 3d at 507, quoting 5 ILCS 140/7(1)(b) (West 2004).

The court then addressed the apparent conflict between these provisions of the FOIA and the exemption in section 7(1)(b)(ii) for "personnel files" of public employees:

"Contrary to defendants' suggestion, the mere fact that personnel files are per se exempt from disclosure under section 7(1)(b)(ii) does not mean that the individual contracts are also per

se exempt simply because they are kept in those files. See CBS, Inc. v. Partee, 198 Ill. App. 3d 936, 942 *** (1990) ('To hold that all information contained in a personnel file is exempt from public disclosure simply because it is in a personnel file would permit a subversion of the broad purposes of the [FOIA]'). In that regard, we note that section 8 of the FOIA [citation] explicitly permits the disclosure of nonexempt documents (such as the employment contracts here) that are contained within exempt public records (such as personnel files)." Reppert, 375 Ill. App. 3d at 507.

The court specifically rejected as dicta Copley's broad language concerning employment contracts. The court concluded that, "to the extent that the Copley court purported to hold that employment contracts are per se exempt from disclosure under the FOIA, we decline to follow it." Reppert, 375 Ill. App. 3d at 507.

In considering whether to follow Copley or Reppert, we first observe that Copley, unlike Reppert, did not specifically involve a request for an employment contract. Thus, Copley did not address the apparent conflict between section 7(1)(b)(ii)'s categorization of personnel files as per se exempt from disclosure and the provisions of the FOIA indicating that employment contracts are public records bearing on the public duties of public employees and shall not be exempt from disclosure. To the extent that Copley held that anything within a personnel file is per se exempt, it did so in contradiction of decisions that suggest otherwise. See CBS, Inc., 198 Ill. App. 3d at 942, citing Department of Air Force v. Rose, 425 U.S. 352, 372, 48 L. Ed. 2d 11, 27, 96 S. Ct. 1592, 1604 (1976) (Congress did not intend the federal FOIA to insulate nonconfidential matter from disclosure "merely because it was stored by an agency in its 'personnel' files"). "A fundamental principle of statutory construction is to view all provisions of a statutory enactment as a whole," construing

words and phrases with reference to other relevant provisions rather than in isolation. Southern Illinoisan, 218 Ill. 2d at 415 (2006). Adopting this approach, we agree with Reppert that the use of in camera review and redaction, which the FOIA provides for, is appropriate to resolve any such conflict. We believe that Lieber, which is based on the well-settled principles that the FOIA as a whole is to be construed liberally and the exemptions construed narrowly, supports such a result.

Although section 7(1)(b)(ii) exempts personnel files, section 7(1)(b) states plainly that information bearing on public duties of public employees "shall" not be exempt from disclosure. Section 8 allows for the disclosure of nonexempt material contained in exempt items through the use of redaction, and section 11(f) requires a court to make an in camera inspection of the requested records to determine whether part or all of them are exempt from disclosure. Thus, to the extent that a personnel file contains both private information of the type ordinarily intended to be protected within such a file and information that bears on public duties, the trial court must determine, through an in camera inspection of the file, whether the requested information is exempt as a clearly unwarranted invasion of personal privacy, and whether the presence of exempt private information can be cured through redaction. In light of the court's obligation under sections 8 and 11(f) to identify nonexempt material contained in exempt sources, we decline to hold that, merely because an item is contained in a personnel file, it is per se exempt. In this case, the requested employment contract may contain information bearing on the public duties of public employees. See Reppert, 375 Ill. App. 3d at 507. Thus, it is an example of a nonexempt record held within an exempt source, a personnel file.

The District argues that allowing an in camera inspection is contrary to Lieber and creates a balancing test to determine when per se exemptions apply. However, a court must determine

whether information requested pursuant to the FOIA falls within a per se exemption. The Lieber court itself scrutinized the requested information to determine whether it was exempt from disclosure. In this case, an in camera inspection will afford the trial court the opportunity to determine whether and what type of redaction is necessary. This determination is consistent with both Leiber and the plain language of the FOIA, which requires the disclosure of nonexempt public records and allows for in camera inspections.

Because there is a question of fact as to whether any part of the contract is exempt, we reverse the trial court's grant of summary judgment and remand for further proceedings. The trial court must inspect the material in camera to determine if any portion of the contract does not bear on public duties and is exempt as a clearly unwarranted invasion of personal privacy. If the trial court finds that no portion of the contract is exempt, it must order it disclosed. However, if it determines that any portion of the contract is exempt, it must redact that portion, unless the District waived its claim of exemption. We therefore turn to the issue of waiver.

### C. Voluntary Disclosure

Stern argues that Catalani's voluntary disclosures of the contract to other persons filing FOIA requests require that the contract must also be made available to him. The District argues that it alone was the entity to which the FOIA requests were directed, that it alone had authority to respond to the requests, and that the disclosures were purely personal decisions by Catalani that were not made under the FOIA process.

In Lieber, the court addressed voluntary disclosure as an alternate reason why the university was required to disclose documents sought under the FOIA. The court stated that, even if it had determined that the documents were protected by a section 7 exemption, the claimed exemption

would fail because the university routinely made the information available to other groups, including newspapers. The court stated:

> "In addressing similar situations under the federal [FOIA], the federal courts have held that voluntary disclosure in one situation can preclude later claims that records are exempt from release to someone else. <u>Cooper v. United States Department of the Navy</u>, 594 F.2d 484, 485-86 (5th Cir. 1979). As the Eighth Circuit Court of Appeals explained, selective disclosure by the government
>
>> 'is offensive to the purposes underlying the FOIA and intolerable as a matter of policy. Preferential treatment of persons or interest groups fosters precisely the distrust of government the FOIA was intended to obviate.' <u>State of North Dakota ex rel. Olson v. Andrus</u>, 581 F.2d 177, 182 (8th Cir. 1978)." <u>Lieber</u>, 176 Ill. 2d at 413.

Thus, under <u>Lieber</u>, even if an item is exempt, voluntary disclosure, by the public body who received the FOIA request, can preclude later claims of exemption, as a matter of policy. The determination of whether such a disclosure has waived a claim of exemption is a question of fact. "The waiver rule must not be mechanically applied whenever there is disclosure of information but, rather, requires consideration of the circumstances related to the disclosure, including the purpose and extent of the disclosure, as well as the confidentiality surrounding the disclosure." <u>Chicago Alliance for Neighborhood Safety v. City of Chicago</u>, 348 Ill. App. 3d 188, 202 (2004) (City of Chicago did not waive a section 7 <u>per</u> <u>se</u> exemption by voluntarily disclosing the requested information for consultation purposes to a single entity, which treated the information as confidential).

Here, there are issues of material fact on whether Catalani's disclosures of the contract waived the District's exemption claim. Catalani testified that he made the contract available as a personal decision, and the District contends that Catalani lacked authority to authorize disclosure on behalf of the District. But Stern presented evidence, and Catalani admitted, that the newspapers sought the information under the FOIA. Indeed, the response to the Chicago Tribune's request, stating that the requestor could come in to view the contract personally, was sent by the District's designated FOIA officer rather than by Catalani. Also, Catalani faxed the contract to the Daily Herald from his District office with a District cover sheet and did not indicate that the disclosure was anything other than an official response to a FOIA request. Thus, there are factual issues about whether Catalani's disclosures of his contract to the newspapers were within the scope of his authority. If the trial court determines that they were, then any claim to an exemption, whether per se or not, would be waived.

### D. Constitutional Argument

Stern also argues that the Illinois Constitution requires disclosure of the employment contract. Stern did not bring a separate constitutional claim, but simply raised the constitution as a reason why the contract was a public record and as such could not be exempt from disclosure under the FOIA. Because we have already determined that the contract is not exempt under the FOIA, we do not address Stern's constitutional argument. Wade v. City of North Chicago Police Pension Board, 226 Ill. 2d 485, 510 (2007).

### III. CONCLUSION

We determine that there are questions of material fact whether any portion of Catalini's contract was exempt from disclosure and whether Catalani's voluntary disclosures of the contract

waived the District's exemption claim. Accordingly, the judgment of the circuit court of Du Page County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

HUTCHINSON and JORGENSEN,[1] JJ., concur.

_____

[1]After oral arguments in this case and the issuance of the original opinion, Justice Callum retired. Justice Jorgensen thereafter was assigned to the panel. Justice Jorgensen has reviewed the briefs and the petition for rehearing, listened to the recording of the oral argument on appeal, and has otherwise participated in the decision-making process as the opinion was modified on denial of rehearing.