No. 3-05-0011

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2005

COPLEY PRESS, INC., an Illinois Corporation, and PEORIA JOURNAL STAR, INC., an Illinois Corporation,

Plaintiffs-Appellees

Cross-Appellants,

v.

BOARD OF EDUCATION FOR PEORIA SCHOOL DISTRICT NO. 150,

Defendant-Appellant

Cross-Appellee.

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

Appeal from the Circuit Court

of the 10th Judicial Circuit Peoria County, Illinois

No. 00-MR-266

Honorable

John A. Barra,

Judge, Presiding

_________________________________________________________________

JUSTICE LYTTON delivered the opinion of the court:

_________________________________________________________________

Plaintiffs, Copley Press and the Peoria Journal Star (Copley), sued defendant, the Peoria School District Board of Education, seeking release of certain documents under the Freedom of Information Act (FOIA). 5 ILCS 140/1 
et
 
seq
. (West 2002).  The trial court ordered the release of the documents and awarded statutory attorney fees under section 11 of the FOIA but reduced the requested fee amount. 5 ILCS 140/11(I) (West 2002)  The Board appeals the release of the documents and the award of fees.  Plaintiffs appeal the reduction of the award.  We reverse.

FACTS

On July 30, 2004, the Peoria School District Board of Education placed its superintendent, Dr. Kay Royster, on paid administrative leave for the remainder of the 2004-05 school year with the intention of buying out the remainder of her contract.  The decision was based on two performance evaluations, and a letter was sent from the Board to Royster explaining the reasons for the dismissal.  Copley filed a request pursuant to the FOIA for the two evaluations and the letter.  The Board denied the request, claiming the documents were exempt from disclosure because they were part of Royster's personnel file.

Copley sued, seeking release of the documents.  The trial court examined the documents 
in
 
camera
 and ordered their release.  In finding that the documents were not exempt, the trial court stated:

"A public body cannot make a non-exempt document exempt merely by placing it in a personnel file.  According to the letter, the evaluations were a part of the reason for the dismissal.  The superintendent's role is to carry out the policies of the Board.  Its explanation to her why it feels she is no longer capable of performing that duty is neither a 'personnel matter' nor 'personal information'."

Plaintiffs filed a petition for attorney fees, which was granted, although the trial court reduced the hours and the hourly rate for one of the attorneys.

The Board appeals the decision to release the documents and the award of attorney fees, and Copley appeals the reduction of its fees.

ANALYSIS

Under the FOIA, public records are presumed to be open and accessible. 
Lieber v. Board of Trustees of Southern Illinois University
, 176 Ill. 2d 401, 407 (1997).  Documents requested under the FOIA must be released unless the information is covered by one of the statutory exemptions under section 7 of the FOIA. 
Lieber
, 176 Ill. 2d at 407.  The relevant exception reads:

"(1) The following shall be exempt from inspection and copying:

* * *

(b) Information that, if disclosed, would constitute a clearly unwarranted invasion of personal privacy, unless the disclosure is consented to in writing by the individual subjects of the information.  The disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy.  Information exempted under this subsection (b) shall include but is not limited to:

***

(ii) personnel files and personal information maintained with respect to employees, appointees or elected officials of any public body or applicants for those positions" 5 ILCS 140/7(1)(b)(ii) (West 2002).  

Copley argues that the personnel file exemption should be considered in the context of the language contained in subsection (b).  It contends that the requested documents bear on the public duties of a public employee, and thus cannot be considered an invasion of personal privacy.  

In order to determine whether the requested documents are exempt from disclosure, we consider two factors: (1) the extent of the exemption provided for in section 7, and (2) whether the requested documents fit within one of those exemptions. 

We must first determine the scope of the exemption as it applies to this case. In 
Lieber
, our supreme court adopted a "
per
 
se
" approach to the section 7 exemptions.
(footnote: 1)  Under the 
per
 
se
 analysis, any documents that fit within one of the specifically enumerated exemptions of the statute are absolutely exempt from disclosure.  
Lieber
 held that if a requested document falls within one of these exemptions, "no further inquiry by the court is necessary." 
Lieber
, 176 Ill. 2d at 408.  Here, since the requested documents fit within the personnel file exemption under section 7(b)(ii), they are 
per
 
se
 exempt, whether or not they constitute an invasion of Royster's personal privacy.  Royster's personnel file is thus exempt from disclosure. See 
Healey v. Teachers Retirement System
, 200 Ill. App. 3d 240, 243 (1990).

Having determined that the personnel file cannot be disclosed, we now consider whether the requested documents were properly placed in the file.  The term "personnel file" is not defined in the FOIA, so we must determine what documents are properly part of a personnel file.  Our primary objective in construing the statute is to ascertain and give effect to the legislature's intent. 
Michigan Avenue National Bank v. County of Cook
, 191 Ill. 2d 493, 503-04 (2000).  The most reliable indicator of legislative intent is the plain language of the statute. 
Michigan Avenue National Bank
, 191 Ill. 2d at 504.  Where the language of a statute is clear and unambiguous, we give the terms their plain and ordinary meaning without resort to extrinsic aids to construction. 
Lulay v. Lulay
, 193 Ill. 2d 455, 466 (2000).

Given its plain and ordinary meaning, a "personnel file" can reasonably be expected to include documents such as a resume or application, an employment contract, policies signed by the employee, payroll information, emergency contact information, training records, performance evaluations and disciplinary records. See generally 820 ILCS 40/2 (West 2002) (personnel records include any documents which "have been or are intended to be used in determining [an] employee's qualifications for employment, promotion, transfer, additional compensation, discharge or other disciplinary action.").
(footnote: 2)  The performance evaluations clearly belong in the personnel file.  The letter is a response to Royster's request for written justification for the Board's decision, and is both a summary of the performance evaluations and a record of disciplinary action.

 A document cannot be made part of a personnel file simply by placing it there. 
CBS, Inc. v. Partee
, 198 Ill. App. 3d 936, 942 (1990).  In this case, however, the requested documents are precisely what one would expect to find in a personnel file and are thus 
per
 
se
 exempt from disclosure.

In making our decision, we also consider the effect that the trial court's interpretation of the FOIA would have on the ability of public bodies to consider employment matters in closed session under the Open Meetings Act (5 ILCS 120/1 
et
 
seq
. (West 2002)).  Both statutes ensure the public's access to information concerning the conduct of public bodies, except in limited circumstances, and must be construed together. See 
Stone v. Department of Employment Security Board of Review
, 151 Ill. 2d 257, 262 (1992) (statutes relating to the same subject should be construed consistently and harmoniously).  

Section 2 of the Open Meetings Act permits public bodies to hold closed meetings to determine, among other things, "[t]he appointment, employment, compensation, discipline, performance, or dismissal of specific employees of the public body." 5 ILCS 120/2(c)(1) (West 2002).  Thus, under the Open Meetings Act, the Board could properly meet in closed session to consider Royster's performance, discipline and dismissal, exactly the information contained in the requested documents.  The effect of the trial court's holding would be to nullify this exception to the Open Meetings Act once the content of the closed meeting is reduced to writing.  Our determination that the documents are exempt from disclosure under the FOIA construes the two statutes consistently and harmoniously.

Because we have determined that the trial court erred in ordering the release of the documents, we also reverse the award of attorney fees.  Thus, we need not consider the parties' challenges to the attorney fee award.

CONCLUSION

The judgment of the circuit court of Peoria County is reversed.

Reversed.

SLATER, PJ., and O'BRIEN, J., concurring.

FOOTNOTES
1: Early FOIA decisions developed two different kinds of analyses in considering the extent of exemptions under the statute, the "
per
 
se
" and the "balancing" tests.  The balancing test, rejected by 
Lieber
, essentially required the court to look at various factors to determine whether the public interest outweighed the private or personal nature of the information. See for example 
Margolis v. Director of the Department of Revenue
, 180 Ill. App. 3d 1084, 1089-90 (1989).  This approach is still used for information that does fit within one of the statutory exemptions. 
Lieber
, 176 Ill. 2d at 409.

2: The Personnel Record Review Act contains several exceptions restricting an employee's right to review personnel documents. 820 ILCS 40/10 (West 2002).  The documents listed in section 10 are still properly part of a personnel file and thus are exempt from disclosure under the FOIA.