NO. 4-06-1014          Filed 8/15/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| JERRY REPPERT and the GAZETTE DEMO-CRAT, | ) ) | Appeal from Circuit Court of |
| Plaintiffs-Appellants, | ) | Sangamon County |
| v. | ) | No. 06MR481 |
| SOUTHERN ILLINOIS UNIVERSITY and WALTER V. WENDLER, | ) ) | Honorable |
| Defendants-Appellees. | ) ) | Leo J. Zappa, Jr., Judge Presiding. |

_____

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In August 2006, plaintiffs, Jerry Reppert and the Gazette Democrat, filed a complaint against defendants, Southern Illinois University (SIU) and SIU chancellor Walter V. Wendler, seeking disclosure of the employment contracts of several SIU employees. In October 2006, the trial court granted defendants' motion for summary judgment on plaintiffs' claim that the Freedom of Information Act (FOIA) (5 ILCS 140/1 through 11 (West 2004)) compelled disclosure of the requested documents. In November 2006, the court granted defendants' motion to dismiss the remaining counts with prejudice.

Plaintiffs appeal, arguing that the trial court erred by granting summary judgment on their FOIA claim. We agree and reverse and remand for further proceedings.

I. BACKGROUND

The following facts were gleaned from the parties' pleadings and exhibits.

In March 2006, plaintiffs submitted a request to SIU under the FOIA for the following:

"1. Employment contracts covering the time period of January 1, 2000, to the present for [SIU] President Glenn Poshard, [f]ormer [SIU] President James Walker, [Wendler,] and [SIU] employees John Jackson and Mike Lawrence.

2. Independent contractor contracts, if applicable, covering the time period of January 1, 2000, to the present for [SIU] employees John Jackson and Mike Lawrence."

In April 2006, SIU denied plaintiffs' request, and plaintiffs appealed the denial. Wendler denied the appeal and informed plaintiffs of their right to appeal the denial through the judicial-review process.

In August 2006, plaintiffs filed a three-count complaint against defendants, seeking the disclosure of the documents in question. The complaint alleged as follows: (1) the Illinois Constitution required the disclosure of any contract that obligated the expenditure of public funds (count I), (2) the FOIA compelled disclosure of any such documents (count II), and

(3) Wendler had a ministerial duty to release the documents to the public (count III).

In September 2006, defendants filed a motion to dismiss counts I and III of plaintiffs' complaint and a motion for summary judgment as to count II. In their summary-judgment motion, defendants argued that (1) the employment contracts were part of each employee's personnel file and (2) the contracts were thus per se exempt from disclosure under section 7(1)(b)(ii) of the FOIA (the personnel-file exemption) (5 ILCS 140/7(1)(b)(ii) (West 2004)). In October 2006, plaintiffs filed a response to the summary-judgment motion, arguing, in part, that the fact that the contracts were included in personnel files did not mean that they were exempt from disclosure under the FOIA. Later in October 2006, the trial court granted defendants' motion for summary judgment as to count II. In so doing, the court found that the requested employment contracts were exempt from disclosure under the FOIA, pursuant to the personnel-file exemption (5 ILCS 140/7(1)(b)(ii) (West 2004)). In November 2006, the court granted with prejudice defendants' motion to dismiss counts I and III.

This appeal followed.

## II. ANALYSIS

### A. Summary Judgments and the Standard of Review

Summary judgment is proper if, "when viewed in the

light most favorable to the nonmoving party, the pleadings, depositions, admissions, and affidavits on file demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Illinois State Chamber of Commerce v. Filan, 216 Ill. 2d 653, 661, 837 N.E.2d 922, 928 (2005); see 735 ILCS 5/2-1005(c) (West 2004). "Summary judgment should only be granted if the movant's right to judgment is clear and free from doubt." Bluestar Energy Services, Inc. v. Illinois Commerce Comm'n, No. 1-06-1277, slip op. at 5 (June 29, 2007), ___ Ill. App. 3d ___, ___, ___ N.E.2d ___, ___. We review de novo the trial court's grant of summary judgment. Big Sky Excavating, Inc. v. Illinois Bell Telephone Co., 217 Ill. 2d 221, 234, 840 N.E.2d 1174, 1182 (2005).

### B. The FOIA

Aside from our de novo standard of review being dictated by the summary-judgment posture of this case, this case involves a question of statutory interpretation. We review de novo issues of statutory interpretation. NDC LLC v. Topinka, No. 2-05-1206, slip op. at 23 (June 15, 2007), ___ Ill. App. 3d ___, ___, ___ N.E.2d ___, ___. In Southern Illinoisan v. Illinois Department of Public Health, 218 Ill. 2d 390, 415, 844 N.E.2d 1, 14 (2006), the supreme court discussed statutory interpretation of the FOIA, as follows:

"Our review of the FOIA *** is guided by

- 4 -

several well-established principles of statutory construction. It is well settled that the primary objective of [a] court when construing the meaning of a statute is to ascertain and give effect to the intent of the General Assembly. [Citation.] In determining legislative intent, our inquiry begins with the plain language of the statute, which is the most reliable indication of the legislature's objectives in enacting a particular law. [Citation.] A fundamental principle of statutory construction is to view all provisions of a statutory enactment as a whole. Accordingly, words and phrases should not be construed in isolation, but must be interpreted in light of other relevant provisions of the statute. [Citation.] In construing a statute, we presume that the legislature, in its enactment of legislation, did not intend absurdity, inconvenience[,] or injustice."

The purpose of the FOIA is to open governmental records to the light of public scrutiny. Thus, under the FOIA, a presumption exists that public records be open and accessible. <u>Bluestar Energy Services</u>, slip op. at 6, ___ Ill. App. 3d at ___,

- 5 -

___ N.E.2d at ___.   The legislative intent is set forth in section 1 of the FOIA, which provides, in pertinent part, as follows:

> "Pursuant to the fundamental philosophy of the American constitutional form of government, it is declared to be the public policy of the State of Illinois that all persons are entitled to full and complete information regarding the affairs of government and the official acts and policies of those who represent them as public officials and public employees consistent with the terms of this Act.  Such access is necessary to enable the people to fulfill their duties of discussing public issues fully and freely, making informed political judgments and monitoring government to ensure that it is being conducted in the public interest."  5 ILCS 140/1 (West 2004).

Based upon the legislature's clearly stated public policy and intent, the supreme court has held that "the FOIA is to be accorded 'liberal construction.'"  Southern Illinoisan, 218 Ill. 2d at 416, 844 N.E.2d at 15, quoting Bowie v. Evanston Community Consolidated School District No. 65, 128 Ill. 2d 373, 378, 538

N.E.2d 557, 559 (1989). Thus, "the exceptions to disclosure set forth in the FOIA are to be read narrowly so as not to defeat the FOIA's intended purpose." Southern Illinoisan, 218 Ill. 2d at 416, 844 N.E.2d at 15. Accordingly, "[e]ach public body shall make available to any person for inspection or copying all public records, except as otherwise provided in [s]ection 7 of this Act." 5 ILCS 140/3(a) (West 2004); see also Southern Illinoisan, 218 Ill. 2d at 417, 844 N.E.2d at 15 (noting that when a public body receives a request for information, it must comply unless one of the narrow statutory exceptions applies).

Section 2(c) of the FOIA defines "public records," in pertinent part, as follows:

"(c) *** 'Public records' includes, but is expressly not limited to: *** (vii) all information in any account, voucher, or contract dealing with the receipt of expenditure of public or other funds of public bodies; (viii) the names, salaries, titles, and dates of employment of all employees and officers of public bodies ***." 5 ILCS 140/2(c) (West

2004).

Section 7 of the FOIA provides, in pertinent part, as follows:

"(1) The following shall be exempt from inspection and copying:

*  *  *

(b) Information that, if disclosed, would constitute a clearly unwarranted invasion of personal privacy, unless the disclosure is consented to in writing by the individual subjects of the information.  The <u>disclosure</u> <u>of</u> <u>information</u> <u>that</u> <u>bears</u> <u>on</u> <u>the</u> <u>public</u> <u>duties</u> <u>of</u> <u>public</u> <u>employees</u> <u>and</u> <u>officials</u> <u>shall</u> <u>not</u> <u>be</u> <u>considered</u> <u>an</u> <u>invasion</u> <u>of</u> <u>personal</u> <u>privacy</u>. Information exempted under this subsection (b) shall include but is not limited to:

*  *  *

(ii) personnel files and personal information maintained with respect to employees, appointees or

- 8 -

elected officials of any public

body[,] or applicants for those

positions[.]"  (Emphasis added.)  5

ILCS 140/7(1)(b)(ii) (West 2004).

If the public body seeks to invoke one of section 7's exemptions, it must give written notice setting forth the particular exemption claimed to authorize the denial.  Then, the party seeking disclosure of information under the FOIA can challenge the public body's denial at the trial level.  The burden of proof at the trial level is on the public body to establish that the requested documents are exempt from disclosure.  Bluestar Energy Services, slip op. at 7, ___ Ill. App. 3d at ___, ___ N.E.2d at ___.

In addition, section 8 of the FOIA provides as follows:

"If any public record that is exempt

from disclosure under [s]ection 7 of this Act

contains any material which is not exempt,

the public body shall delete the information

which is exempt and make the remaining infor-

mation available for inspection and copying."

5 ILCS 140/8 (West 2004).

C. Plaintiffs' Claim That the Trial Court Erred by Granting
  Summary Judgment in Defendants' Favor as to Count II

Plaintiffs argue that the trial court erred by granting summary judgment in defendants' favor as to count II.  We agree.

Liberally construing the FOIA in accord with its

- 9 -

intended purpose, we conclude that the statutory definition of "public records" includes the information contained in the employment contracts at issue. Indeed, at oral argument, defendants' counsel conceded that the information contained in the contracts was not confidential. In addition, reading section 7(1)(b) of the FOIA narrowly, as we must, we conclude that the individual contracts constitute "information that bears on the public duties of public employees and officials" (5 ILCS 140/7(1)(b) (West 2004)). Thus, such documents "shall not be considered an invasion of personal privacy" and, as a matter of law, are not exempt from disclosure under section 7 (5 ILCS 140/7(1)(b) (West 2004)). Contrary to defendants' suggestion, the mere fact that personnel files are per se exempt from disclosure under section 7(1)(b)(ii) does not mean that the individual contracts are also per se exempt simply because they are kept in those files. See CBS, Inc. v. Partee, 198 Ill. App. 3d 936, 942, 556 N.E.2d 648, 651 (1990) ("To hold that all information contained in a personnel file is exempt from public disclosure simply because it is in a personnel file would permit a subversion of the broad purposes of the [FOIA]"). In that regard, we note that section 8 of the FOIA (5 ILCS 140/8 (West 2004)) explicitly permits the disclosure of nonexempt documents (such as the employment contracts here) that are contained within exempt public records (such as personnel files). Accordingly, we

conclude that the trial court erred by granting summary judgment in defendants' favor, and we reverse and remand for further proceedings consistent with this opinion.

In so concluding, we decline to follow the Third District's decision in Copley Press, Inc. v. Board of Education for Peoria School District No. 150, 359 Ill. App. 3d 321, 834 N.E.2d 558 (2005). In that case, the Third District concluded that performance evaluations and a letter summarizing the evaluations were exempt under the personnel-file exemption of the FOIA (5 ILCS 140/7(1)(b)(ii) (West 2004)). In so doing, the Copley court also stated as follows:

> "Given its plain and ordinary meaning, a 'personnel file' can reasonably be expected to include documents such as a resume or application, an employment contract, policies signed by the employee, payroll information, emergency contact information, training records, performance evaluations[,] and disciplinary records." Copley Press, Inc., 359 Ill. App. 3d at 324, 834 N.E.2d at 561.

We view the above-quoted language as broad dicta. Further, to the extent that the Copley court purported to hold that employment contracts are per se exempt from disclosure under the FOIA, we decline to follow it.

- 11 -

## III. CONCLUSION

For the reasons stated, we reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

Reversed and remanded.

MYERSCOUGH and KNECHT, JJ., concur.