2022 IL App (2d) 210107-U
No. 2-21-0107
Order filed January 19, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| MARY ROBINSON, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 19-CH-1318 |
| | ) | |
| TOWNSHIP HIGH SCHOOL DISTRICT 113, | ) | Honorable |
| | ) | Stacey L. Seneczko, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Justices Schostok and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Because the record on appeal did not include the emails that the trial court reviewed *in camera*, the appellate court presumed that the order entered by the trial court denying the plaintiff access to those emails was in conformity with law and had a sufficient factual basis.

¶ 2    Plaintiff, Mary Robinson, filed this action against defendant, Township High School District 113 (the District), seeking disclosure of documents pursuant to the Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2018)). The trial court determined that certain emails were exempt from disclosure, granting the District's motion for summary judgment and denying Robinson's cross-motion for summary judgment. Robinson appeals. The record on appeal does

not contain the emails that the court reviewed *in camera*. We hold that the incomplete record prevents us from addressing the merits of the parties' arguments. In accordance with *Foutch v. O'Bryant*, 99 Ill. 2d 389 (1984), we affirm the judgment based on the presumption that the order entered by the trial court was in conformity with law and had a sufficient factual basis.

¶ 3                                    I. BACKGROUND

¶ 4      Robinson sent multiple FOIA requests to the District. Only the following request is relevant to this appeal:

> "All records dated from September 1, 2015 to today's date relating to communications between the District (including but not limited to current and former Board of Education members, superintendents, administration, Highland Park High School principals and assistant principals, attorneys retained by the District) and any child sex offender, or individual acting on behalf of a child sex offender, concerning access to District property and events."

In reviewing Robinson's request, the District determined that, of all the parents of students enrolled in the District, only one parent was a convicted child sex offender. The District also determined that documents responsive to Robinson's request included emails between that sex offender/parent and school officials.[1] The District declined to produce these emails to Robinson. In its brief on appeal, the District indicates that the emails in dispute consist of "37 unique email strings" that

---

[1] On appeal, Robinson abandons her request for three emails that were part of an email string contained in the documents Bates stamped W520-530. The District claimed that these three emails were nonresponsive to Robinson's FOIA request, contained privileged legal advice, and were "preliminary/predecisional records that were used to formulate District action."

"address specific students by name, contain information about student activities and events, a student's ability to have her parents attend her school events, and even student medical information."

¶ 5    The District claimed that the emails were "school student records" within the meaning of the Illinois School Student Records Act (105 ILCS 10/1 *et seq.* (West 2018)). See also 105 ILCS 10/2(d) (West 2018) (defining "school student record," in relevant portion, as "any writing or other recorded information concerning a student and by which a student may be individually identified, maintained by a school or at its direction or by an employee of a school, regardless of how or where the information is stored"). Because Robinson was not statutorily authorized to obtain such school student records, the District asserted that the subject emails were exempt from disclosure pursuant to both section 7(1)(a) of FOIA (5 ILCS 140/7(1)(a) (West 2018) (exempting "[i]nformation specifically prohibited from disclosure by federal or State law")) and section 7.5(r) of FOIA (5 ILCS 140/7.5(r) (West 2018) (exempting "[i]nformation prohibited from being disclosed by the Illinois School Student Records Act)).

¶ 6    For similar reasons, the District claimed that the subject emails constituted protected "education records" under the Family Educational Rights and Privacy Act (FERPA). See 20 U.S.C. § 1232g(a)(4)(A) (2016) (defining "education records," in relevant portion, as "records, files, documents, and other materials which (i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution"). According to the District, because FERPA prohibited the disclosure of the emails, the emails were exempt from disclosure pursuant to section 7(1)(a) of FOIA.

¶ 7    Finally, the District claimed that the emails were exempt from disclosure pursuant to section 7(1)(c) of FOIA (5 ILCS 140/7(1)(c) (West 2018)), which exempts "[p]ersonal information

contained within public records, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy, unless the disclosure is consented to in writing by the individual subjects of the information." The statute defines "unwarranted invasion of personal privacy" as "the disclosure of information that is highly personal or objectionable to a reasonable person and in which the subject's right to privacy outweighs any legitimate public interest in obtaining the information." 5 ILCS 140/7(1)(c) (West 2018). The statute indicates that "[t]he disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy." 5 ILCS 140/7(1)(c) (West 2018).

¶ 8     Robinson filed a complaint in the circuit court of Lake County, alleging that the subject emails were not exempt from disclosure. The parties filed cross-motions for summary judgment. Following an *in-camera* review of the emails, the court granted the District's motion for summary judgment and denied Robinson's motion. Robinson timely appealed.

¶ 9     The record on appeal does not contain any reports of proceedings or bystander's reports, and the court's written order on the parties' cross-motions for summary judgment does not specify the basis or bases for the court's ruling. The record also does not include the emails that the court reviewed *in camera*.

¶ 10                    II. ANALYSIS

¶ 11 Robinson concedes that information in the subject emails identifying the sex offender/parent, any student, a student's extracurricular activities, or a student's medical information may be redacted. Robinson contends that, with those redactions, the emails (1) would not constitute "school student records" under the Illinois School Student Records Act, (2) would not be subject to FERPA, and (3) would not result in a "clearly unwarranted invasion of personal

privacy" if disclosed. As a preliminary matter, the District argues that the record is insufficient for appellate review, given the omission of the emails that the trial court reviewed *in camera*.

¶ 12    We could reverse the judgment only if we determined that none of the exemptions claimed by the District apply. But without seeing the emails that the trial court reviewed *in camera*, we have no way of evaluating the applicability of the exemptions. Accordingly, we hold that the record is insufficient to support Robinson's claim of error.

¶ 13    Robinson insists that the subject emails, upon being redacted along the lines that she proposes, would not "concern[ ] a student" so as to fall within the scope of the Illinois School Student Records Act and would not "contain information directly related to a student" for purposes of FERPA. The District disagrees. We cannot evaluate the parties' legal arguments in a factual vacuum. In the trial court, Robinson suggested the following guidelines for redacting the emails:

> "[I]f an email says 'Mr. Jones wants to attend his daughter Kelly's soccer match and the protocol we have decided on is for him check [*sic*] in with the soccer coach when he arrives and when he leaves,' [the District] should produce '_____ wants to attend _____'s _____ and the protocol we have decided on is for him to check in with the _____ coach when he arrives and when he leaves.'"

The problem is that, even if we agreed that redactions consistent with Robinson's hypothetical would be appropriate, we have no idea whether the emails at issue contain content of this precise nature. Nor do we know whether there would be anything of substance left in the emails if the District made the redactions that Robinson proposes.

¶ 14    The same problem is evident with respect to the parties' arguments about whether disclosing redacted records would result in an "unwarranted invasion of personal privacy" for purposes of section 7(1)(c) of FOIA. Evaluating the parties' arguments would require us to balance

the privacy interests at stake against "the public's legitimate interest in disclosure." *State Journal-Register v. University of Illinois Springfield*, 2013 IL App (4th) 120881, ¶ 44. Such balancing inherently must occur "on a case-by-case basis" (*Stern v. Wheaton-Warrenville Community Unit School District 200*, 233 Ill. 2d 396, 407 (2009)), so there is no way that we could conduct a meaningful analysis without knowing the exact contents of the emails.

¶ 15    Robinson essentially wants a "masked" record of the emails, devoid of information that would identify specific students. See *Bowie v. Evanston Community Consolidated School District No. 65*, 128 Ill. 2d 373, 379 (1989) ("A masked record, which deletes individual identifying information, does not fall within the definition of a school student record, and is not prohibited from disclosure under the [Illinois School Student Records] Act."). One of the District's responses is that the subject emails cannot be masked. According to the District, there is only one family in the District that meets the criteria of Robinson's FOIA request, and some members of the community already know the identity of that family. Although the record on appeal does not reflect the basis or bases for the trial court's ruling, it is entirely possible that the court made a factual determination upon reviewing the emails that student identities could not be masked through redaction. Without seeing the subject emails, we have no way of addressing the parties' disputes, let alone reviewing any findings that the court might have made.

¶ 16    Nevertheless, in a footnote in her reply brief, Robinson asserts that there is no need for us to review the emails, as "there is no dispute about their contents." A few pages later, though, Robinson accuses the District of mischaracterizing the emails. Moreover, in crafting her arguments, Robinson makes assumptions about the emails (which she has not seen) that we have no way to verify. For example, Robinson asserts that "the focus of the records here is not any student, but a parent and the District 113 officials responsible for ensuring that any visits by such

parent to District 113 property in the presence of minor students were properly managed and supervised." Elsewhere in her brief, Robinson maintains that the subject emails reference students only incidentally. In her reply brief, Robinson says that a student merely "happens to be mentioned" in the emails. Without reviewing the emails, we are in no position to discern their focus or whether they reference students only incidentally. Additionally, contrary to Robinson's suggestion, the record does not reflect whether all the emails concern a sex offender/parent who was "in the presence of minor students." Robinson requested communications regarding sex offenders' "access to District property and events," not just such access occurring in the presence of minor students.

¶ 17    Robinson, as the appellant, "has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error." *Foutch*, 99 Ill. 2d at 391. "[I]n the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch*, 99 Ill. 2d at 392. We must resolve any doubts arising from an incomplete record against the appellant. *Foutch*, 99 Ill. 2d at 392; see also *Bocock v. Will County Sheriff*, 2018 IL App (3d) 170330, ¶¶ 42-43 (*Foutch* applied where an appellant argued that a policy manual was exempt from FOIA but where the manual that the trial court reviewed *in camera* was not included in the record on appeal). "Even where a party is not privy to materials reviewed *in camera* and found to be privileged from discovery, that party can request the circuit court to submit those materials under seal for appellate review." *Cascade Builders Corp. v. Rugar*, 2021 IL App (1st) 192410, ¶ 28.

¶ 18    We hold that the record is insufficient to support Robinson's claim of error. Consequently, in accordance with *Foutch*, we must presume that the court's order was in conformity with law and had a sufficient factual basis.

¶ 19                             III. CONCLUSION

¶ 20    For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 21    Affirmed.