JEANNE QUINN, Indiv. and as Executive Director of the Chicago Metro Ethics Coalition, Plaintiff-Appellant, v. BERNARD L. STONE, Alderman, The City of Chicago, Defendant-Appellee.

First District (2nd Division)   No. 1—89—2638

Opinion filed March 26, 1991.—Rehearing denied April 25, 1991.

Augustine & Kern, Ltd., of Chicago (Terrance A. Norton, of counsel), for appellant.

Anthony J. Fornelli, of Chicago, for appellee.

JUSTICE COCCIA delivered the opinion of the court:

Plaintiff Jeanne Quinn, individually and as executive director of the Chicago Metro Ethics Coalition, appeals from a circuit court order dismissing her complaint for injunctive relief which sought to compel defendant Bernard L. Stone, alderman, City of Chicago, to produce records of expenditures of monthly travel allowance funds. On appeal, plaintiff contends the trial court erred in determining that defendant is not a "public body" under the Illinois Freedom of Information Act (FOIA) (Ill. Rev. Stat. 1989, ch. 116, par. 201 *et seq.*).

On January 6, January 19, and February 1, 1989, plaintiff wrote to defendant, requesting access to records reflecting expenditures of public funds received by defendant as alderman, including funds used for travel allowance. Defendant did not respond to the letters. On April 3, 1989, plaintiff filed a complaint for injunctive relief pursuant to section 11 of the FOIA. (Ill. Rev. Stat. 1989, ch. 116, par. 211.) The complaint

alleges that plaintiff "appealed the denial of her request for records by letters to Eugene Sawyer, Mayor of Chicago *** and to Alderman Anna Langford, Chairman, Committee on Committees, Rules and Ethics."

On August 28, 1989, the trial court ruled that defendant's motion to dismiss the complaint was granted on the grounds that defendant is not a governmental body under the FOIA and is not the proper recipient of a request under that Act.

■■ ■ The FOIA provides that "[e]ach public body shall make available to any person for inspection or copying all public records," with certain exceptions not applicable here. (Ill. Rev. Stat. 1989, ch. 116, par. 203(a).) The Act defines "public body" as follows:

> " 'Public body' means any legislative, executive, administrative, or advisory bodies of the State, state universities and colleges, counties, townships, cities, villages, incorporated towns, school districts and all other municipal corporations, boards, bureaus, committees, or commissions of this State, and any subsidiary bodies of any of the foregoing including but not limited to committees and subcommittees which are supported in whole or in part by tax revenue, or which expend tax revenue." Ill. Rev. Stat. 1989, ch. 116, par. 202(a).

■ Under the Act, a "public body or head of a public body" must notify the requesting person of a denied request, reasons therefor, and his right to "appeal to the head of the public body." (Ill. Rev. Stat. 1989, ch. 116, par. 209.) The person denied access to public records may then "appeal the denial by sending a written notice of appeal to the head of the public body." (Ill. Rev. Stat. 1989, ch. 116, par. 210.) When records are still denied, the person may file suit for injunctive or declaratory relief. (Ill. Rev. Stat. 1989, ch. 116, par. 211(a).) The circuit court may then "enjoin the public body from withholding public records." Ill. Rev. Stat. 1989, ch. 116, par. 211(d).

■■ ■ Plaintiff here failed to pursue her request for these records to the right person. Instead of suing defendant individually, she must pursue her remedy against the head of the public body, pursuant to the Act. The Act defines "[h]ead of the public body" as the "president, mayor, chairman, presiding officer, director, superintendent, manager, supervisor or individual otherwise holding primary executive and administrative authority for the public body." (Ill. Rev. Stat. 1989, ch. 116, par. 202(e).) Plaintiff, therefore, must pursue her remedy in the circuit court by filing for injunctive or declaratory relief against the mayor and against the city council, of which defendant is a member. Despite a successful argument by defendant in the trial court that this was the proper avenue for relief, plaintiff has apparently chosen not to proceed in that fashion.

An exhaustive review of both State and Federal law defining "public body" reveals no case which would include an individual alderman in that definition. In fact, Illinois statutes using the term either define it in a manner similar to the FOIA or specifically include a reference to individual officers of a public body. *Cf., e.g.*, Ill. Rev. Stat. 1989, ch. 5, par. 127 ("public body" under Soil and Water Conservation Districts Act provisions is a soil and water conservation district); Ill. Rev. Stat. 1989, ch. 24, par. 11—12—4.1 ("public body" under Illinois Municipal Code includes no reference to individual persons); Ill. Rev. Stat. 1989, ch. 67½, par. 8.18 ("public body" under housing and redevelopment provisions includes no reference to individual persons); Ill. Rev. Stat. 1989, ch. 68, par. 101 ("public body" under Human Rights Act includes no reference to individual persons); Ill. Rev. Stat. 1989, ch. 102, par. 41.02 ("public body" under Open Meetings Act includes no reference to individual persons); with Ill. Rev. Stat. 1989, ch. 67½, par. 30 (housing and redevelopment provisions distinguish "public body" from "governing body," which can include a president of entity); Ill. Rev. Stat. 1989, ch. 85, par. 1232 (Metropolitan Pier and Exposition Authority Act refers to "public bodies, and public officers of any thereof"); Ill. Rev. Stat. 1989, ch. 121, par. 10—715 (Illinois Highway Code refers to "public bodies, and public officers *** thereof").

We note the important purpose of the FOIA to provide persons with "full and complete information regarding the affairs of government and the official acts and policies of those who represent them as public officials and public employees" and the Act's recognition that "people have a right to know the decisions, policies, procedures, rules, standards, and other aspects of government activity that affect the conduct of government and the lives of any or all of the people." (Ill. Rev. Stat. 1989, ch. 116, par. 201.) By holding that plaintiff has pursued her statutory remedy against the wrong person, we do not in any way intend to decide whether or not plaintiff has a right to the information requested.

The trial court properly dismissed plaintiff's complaint, however, on the basis that defendant is not a "public body" as defined under the FOIA and is not the proper recipient of the request for records.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

SCARIANO, P.J., and DiVITO, J., concur.