# Illinois Official Reports

## Appellate Court

---

### *Korner v. Madigan*, 2016 IL App (1st) 153366

---

| | |
|---|---|
| Appellate Court Caption | LINDY KORNER, Plaintiff-Appellant, v. LISA MADIGAN, in Her Official Capacity as Attorney General of Illinois; MANUEL FLORES, in His Official Capacity as Acting Secretary of the Illinois Department of Financial and Professional Regulation; JAY STEWART, in His Official Capacity as Division Director of the Illinois Department of Professional Regulation; and SARAH PRATT, in Her Official Capacity as Public Access Counselor for the Illinois Attorney General's Office, Defendants-Appellees. |
| District & No. | First District, Second Division<br>Docket No. 1-15-3366 |
| Filed<br>Rehearing denied | December 20, 2016<br>February 21, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-CH-3223; the Hon. Mary L. Mikva, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Minelli Law Offices, LLC, of Ottawa (Christopher R. Minelli, of counsel), for appellant.<br><br>Lisa Madigan, Attorney General, of Chicago (Carolyn E. Shapiro, Solicitor General, and Aaron T. Dozeman, Assistant Attorney General, of counsel), for appellees. |

Panel          JUSTICE NEVILLE delivered the judgment of the court, with opinion.
Presiding Justice Hyman and Justice Mason concurred in the judgment and opinion.


**OPINION**

¶ 1      Lindy Korner sent the Illinois Department of Financial and Professional Regulation (IDFPR) a Freedom of Information Act request for documents in June 2013. After IDFPR denied the request, Korner, in February 2014, filed a complaint, naming several individual state officials as defendants. The defendants moved to dismiss the complaint on grounds that Korner failed to name a public body as a defendant. The trial court denied the motion, but entered judgment in favor of the defendants on the basis of a statutory amendment, effective December 31, 2013, that instructed IDFPR not to release information of the kind Korner sought. Korner claims on appeal that the amendment does not apply to her request.

¶ 2                                    BACKGROUND
¶ 3      Korner sent complaints to IDFPR, accusing Michael Podell, William Fischer, and Laurie McCauley, all veterinarians, of unprofessional conduct in the course of their treatment of Korner's dog. IDFPR acknowledged receipt of Korner's complaints in February 2010. On April 24, 2012, IDFPR informed Korner that it had dismissed the complaint against Podell.

¶ 4      On June 24, 2013, Korner sent IDFPR a request under the Freedom of Information Act (Illinois FOIA) (5 ILCS 140/1 *et seq.* (West 2012)) for the "entire investigative file" for the proceedings on her complaints. IDFPR denied the request.

¶ 5      In August 2013, the Illinois General Assembly passed an act that amended the Veterinary Medicine and Surgery Practice Act of 2004 (Veterinary Practice Act) (225 ILCS 115/1 *et seq.* (West 2014)). The amendment provided:

> "All information collected by the Department in the course of an examination or investigation of a licensee or applicant, including, but not limited to, any complaint against a licensee filed with the Department and information collected to investigate any such complaint, shall be maintained for the confidential use of the Department and shall not be disclosed." Pub. Act 98-33, § 10 (adding 225 ILCS 115/25.2a).

The amendment made December 31, 2013, its effective date.

¶ 6      On February 24, 2014, Korner filed a complaint naming as defendants, "LISA MADIGAN, in her official capacity as Attorney General of Illinois; MANUEL FLORES, in his official capacity as Acting Secretary of the Illinois Department of Financial and Professional Regulation; JAY STEWART, in his official capacity as Division Director of the Illinois Department of Financial and Professional Regulation; and SARAH PRATT, in her official capacity as Public Access Counselor for the Illinois Attorney General's Office." Korner asked the court to issue a judgment declaring that the defendants violated Korner's rights under the Illinois FOIA by withholding the documents she sought. The defendants moved to dismiss the complaint on grounds that the Illinois FOIA applies only to public bodies, and not to individual public officers. The trial court denied the motion to dismiss.

¶ 7    Korner filed a motion for summary judgment, arguing that under the law in effect when she requested the documents from IDFPR, the defendants had a duty to send her the documents she sought. The defendants filed a cross-motion for summary judgment, arguing that the amended statute applied and validated the denial of Korner's request. The trial court held that the amended version of the Veterinary Practice Act applied to Korner's request. Korner conceded that if the amended statute applied, it required the court to deny her request. The trial court granted the defendants' motion for summary judgment. Korner now appeals.

¶ 8                              ANALYSIS

¶ 9    The appellate court reviews *de novo* the order granting the defendants' motion for summary judgment. *Hall v. Henn*, 208 Ill. 2d 325, 328 (2003). Korner argues that the trial court should not have applied the amended version of the Veterinary Practice Act to her request. The defendants contend that the trial court correctly applied the amendment in force at the time of the ruling, and that the trial court should have dismissed the complaint because it failed to name any public body as a defendant.

¶ 10   The Illinois General Assembly patterned the Illinois FOIA after the federal FOIA, and Illinois courts use case law construing the federal FOIA for guidance in interpreting the Illinois FOIA. *Cooper v. Department of the Lottery*, 266 Ill. App. 3d 1007, 1012 (1994).

¶ 11   The Illinois FOIA provides that "[e]ach public body shall make available to any person for inspection or copying all public records." 5 ILCS 140/3(a) (West 2012). Federal courts have consistently held that "the Freedom of Information Act authorizes suit against federal agencies, not against individuals." *Morpurgo v. Board of Higher Education*, 423 F. Supp. 704, 714 n.26 (S.D.N.Y. 1976); see *Petrus v. Bowen*, 833 F.2d 581 (5th Cir. 1987); *Laughlin v. Commissioner*, 117 F. Supp. 2d 997, 1000 (S.D. Cal. 2000). Because Korner named as defendants only individuals, and not any public body, the trial court should have dismissed the complaint on the basis of the failure to name a proper defendant. See *Quinn v. Stone*, 211 Ill. App. 3d 809, 811 (1991). Therefore, we hold that the trial court did not err when it granted the defendants' motion to dismiss the complaint.

¶ 12   Affirmed.