NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 190192-U

NO. 4-19-0192

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 6, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| NOLAN WATSON, | ) | Appeal from the |
|       Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| LISA WEITEKAMP, in Her Official Capacity as | ) | No. 18MR689 |
| Freedom of Information Officer for the Department of | ) | |
| Corrections, | ) | Honorable |
| | ) | Jack D. Davis II, |
|       Defendant-Appellee. | ) | Judge Presiding. |

      JUSTICE DeARMOND delivered the judgment of the court.
      Presiding Justice Steigmann and Justice Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed, holding the trial court properly granted defendant's motion to dismiss because plaintiff failed to state a cause of action under Illinois's Freedom of Information Act.

¶ 2    In September 2018, plaintiff filed *pro se* a motion for preliminary injunctive relief, naming as individual defendants: Lisa Weitekamp, Freedom of Information Act (FOIA) Officer for the Illinois Department of Corrections (DOC); Melinda Graves, Medical Records Director for Western Illinois Correctional Center; and Mark Stephenson, an employee of Western Illinois Correctional Center's records office. In later court filings, plaintiff named only one defendant: Lisa Weitekamp. Plaintiff alleged four claims: (1) Weitekamp improperly denied his FOIA requests; (2) by denying his FOIA requests Weitekamp violated his due process and equal protection rights under the federal and state constitutions; (3) by improperly denying his FOIA requests Weitekamp converted his personal property, *i.e.*, the public records he rightly

requested; and (4) by denying his FOIA requests Weitekamp inflicted upon him cruel and unusual punishment and intentional emotional distress. In November 2018, defendant filed a motion to dismiss under section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2018)), arguing plaintiff failed to state a claim for relief under FOIA and sovereign immunity barred plaintiff's remaining three claims. Plaintiff responded to defendant's section 2-619.1 motion by filing three motions of his own: Motion for leave to File an Amended Complaint for Injunctive Relief, Motion to Issue a Specific Order, and Motion for Costs and Civil Penalties. Following a telephonic hearing on March 5, 2019, the trial court granted defendant's motion, dismissing plaintiff's complaint with prejudice. The court also denied plaintiff's other pending motions.

¶ 3        On appeal, plaintiff argues the trial court erroneously granted defendant's motion to dismiss. Interestingly, plaintiff limits his argument on appeal to his FOIA claim only, conceding in his reply brief: "Plaintiff's non-FOIA claims are no longer relevant in this cause and all arguments may be deemed moot in Defendant's brief pages 20-27." In accordance with plaintiff's concession, we limit our review to only his FOIA argument—*i.e.*, the trial court mistakenly granted defendant's motion to dismiss because defendant errantly denied his FOIA requests thereby entitling plaintiff to relief. We disagree and affirm the trial court's judgment.

¶ 4                                I. BACKGROUND

¶ 5        In July 2018, though he designated his requests by letter we designate them by number, plaintiff submitted this verbatim FOIA request to DOC:

>        1. Books: Black's Law Dictionary, ILCS statutory citations books, and books on how to draft all legal forms.

2. Statutory and procedural rules for job assignments restrictions, based of specific sex offenses charged with. And all persons or number of persons that presently work and have worked at any IDOC institution with a sex offense case, distinguish between the two.

3. The names of each ILL. Prison that allows people charged with sex offense cases to work jobs.

4. Number of times a person convicted of a sex offense violated law while working at Western IL. C.C.

5. Policy of clothing distribution annually or semi annually to inmates, based off legislative intent and fiscal obligations, including how much money is allocated per year for each inmate, for the following items: T-shirts, underwear, socks, coats, state blues, shoes, bedding, hygiene, sanitary cleaning supplies. And an itemized list of all items allocated to be distributed annually, semi annually, monthly, weekly, or daily for Western Illinois Correctional Center.

6. Guidelines on denials of law library access to necessary books, notarizations, attendance copies.

7. Guidelines on denial of access to hot water, for cleaning, washing, sanitizing, bathing, and drinking.

8. Legislative intent and guidelines for state pay.

9. The amount of cleaning and sanitation supplies allotted to inmates each week, or day for cell cleaning only.

10. The names of supervising Authority of the records office and Business office at Western ILL. Correctional Center.

¶ 6 In her official capacity as DOC's Freedom of Information officer, defendant labeled plaintiff's request as Freedom of Information Request #180723266 and issued a response denying the request on July 24, 2018. Defendant provided responses to plaintiff's individual requests. For request 1, defendant responded: "IDOC does not maintain or possess records responsive to your request." For requests 2-4 and 6-10, defendant responded: "You have not submitted a request for records. A reasonable description requires the requested records to be reasonably identified as a record, not as a general request for data, information, and statistics. (*Krohn v. Department of Justice*, 628 F.2d 195 (D.D.Cir. 1980))." For request 5, defendant responded:

"Clothing policies are maintained in your facility's library and are denied pursuant to Section 7(1)(e-5) of the FOIA, which exempts the release of "records requested by persons committed to the Department of Corrections if those materials are available in the library of the correctional facility where the inmate is confined. The remainder of your request is not a request for records. A reasonable description requires the requested records to be reasonably identified as a record, not as a general request for data, information, and statistics. (*Krohn v. Department of Justice*, 628 F.2d 195 (D.D.Cir. 1980))."

¶ 7 On August 10, 2018, plaintiff appealed the denial of his FOIA requests to Illinois's Public Access Counselor. The same day, plaintiff submitted additional FOIA requests to defendant, asking for the following: his medical records; records explaining why it is free to get materials from the law library at Pontiac Correctional Center; an itemized list of all legal

books available at the Pontiac Correctional Center library; and procedures for obtaining shepardizations, case law, and notarizations and any restrictions for all DOC institutions. After plaintiff narrowed this latter request, defendant responded by granting it in part and denying it in part. Defendant granted plaintiff's request for records explaining why Pontiac Correctional Center provides shepardizations and case law for free, but denied the remaining requests for one of two reasons; either DOC did not possess or maintain responsive records or plaintiff requested information and failed to reasonably describe a record.

¶ 8        Plaintiff filed a complaint he styled a "Motion for Preliminary Injunction Relief," in September 2018. Plaintiff initially named several defendants, but in later court filings plaintiff identified one defendant, Lisa Weitekamp, in her official capacity as DOC's Freedom of Information officer. As is relevant to this appeal, plaintiff alleged defendant cited improper exemptions and reasons for denying his FOIA requests. In November 2018, defendant moved to dismiss plaintiff's complaint pursuant to Illinois's Code of Civil Procedure section 2-619.1, arguing, in relevant part here, plaintiff's complaint failed to state a claim for relief. And in a subsequent objection to plaintiff's motion to file an amended complaint, defendant argued for dismissal because FOIA does not provide a cause of action against individuals, but only against a "public body." Following a telephonic hearing in March 2019, the trial court granted defendant's motion to dismiss with prejudice, finding: "Plaintiff's complaint fails as a matter of law."

¶ 9        This appeal followed.

¶ 10                        II. ANALYSIS

¶ 11        Plaintiff contends the trial court erred in granting defendant's motion to dismiss. Specifically, plaintiff argues "the allegations of plaintiff's amended complaint, and his reply to defendant's motion to dismiss, when construed in the light most favorable to plaintiff was

sufficient to establish a cause of action upon which relief could be granted." We disagree and affirm the trial court's judgment.

¶ 12        Section 2-619.1 of the Code permits combining into one motion those motions regarding the pleadings under section 2-615 of the Code and motions for involuntary dismissal or other relief under section 2-619. 735 ILCS 5/2-619.1 (West 2018). Here, defendant's section 2-619.1 motion to dismiss included an argument that "plaintiff's FOIA claim should be dismissed pursuant to [section] 2-615 because he cannot state a claim for relief." Since plaintiff deemed his non-FOIA claims "no longer relevant in this cause," we will consider defendant's section 2-615 argument for dismissal only.

¶ 13        "A section 2-615(a) motion to dismiss tests the legal sufficiency of the complaint based on defects apparent on its face." *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 25, 988 N.E.2d 984. In plainest terms, a defendant filing a section 2-615 motion to dismiss a plaintiff's complaint asks, "So what? The facts the plaintiff has pleaded do not state a cause of action against me." *Winters v. Wangler*, 386 Ill. App. 3d 788, 792, 989 N.E.2d 776, 779 (2008). When presented with a section 2-615 motion, a court must consider "whether the facts alleged in the complaint, viewed in the light most favorable to the plaintiff, are sufficient to entitle the plaintiff to relief as a matter of law." *Winters*, 386 Ill. App. 3d at 793. If the alleged facts prove insufficient to warrant relief for the plaintiff, the trial court should dismiss the action. Put differently, dismissal under section 2-615 is proper if a complaint does not establish a cause of action upon which relief may be granted. *Sweeney v. City of Decatur*, 2017 IL App (4th) 160492, ¶ 13, 79 N.E.3d 184. We review *de novo* a trial court's order granting a motion to dismiss under section 2-615. *Grant v. State*, 2018 IL App (4th) 170920, ¶ 12, 110 N.E.3d 1089.

¶ 14 On appeal, defendant reinforces her section 2-615 argument against plaintiff's complaint, essentially saying—"So What? The facts the plaintiff has pleaded do not state a cause of action *against me*." (Emphasis added) *Winters*, 386 Ill. App. 3d at 792. Specifically, defendant argues that she, even in her official capacity as DOC's FOIA officer, is not a proper defendant to plaintiff's action because she is not a "public body" under Illinois' Freedom of Information Act (5 ILCS 140/1.1 *et seq.* (West 2018)) (FOIA or the Act). We agree with defendant and affirm the trial court's dismissal under section 2-615.

¶ 15 We have recognized "the purpose of FOIA 'is to open governmental records to the light of public scrutiny.' " *City of Champaign v. Madigan*, 2013 IL App (4th) 120662, ¶ 29, 992 N.E.2d 629 (quoting *Stern v. Wheaton-Warrenville Community Unit School District 200*, 233 Ill. 2d 396, 405, 910 N.E.2d 85, 91 (2009)). In furthering that purpose, FOIA "mandates that 'each public body shall make available to any person for inspection or copying all public records, except as otherwise provided in [the Act].' " (Emphasis omitted.) *Stern*, 233 Ill. 2d at 405 (quoting 5 ILCS 140/3(a) (West 2006)). As mandated providers of public records requested pursuant to FOIA, "public bodies" play the central role in effectuating the Act. For example, requests must be submitted and directed to a "public body," (5 ILCS 140/3(c) (West 2018)); a "public body" must "designate [a] *** Freedom of Information officer or officers *** [to] receive requests submitted to the public body under this Act, ensure that the public body responds to the request in a timely fashion, and issue responses," (5 ILCS 140/3.5(a) (West 2018)); and a "public body" must promptly respond to requests for public records. 5 ILCS 140/3(b), (d) (responding to requests generally), 3.1 (responding to requests for commercial purposes), 3.2 (responding to recurrent requester), 3.6 (responding to voluminous requests) (West 2018).

¶ 16 Since the burden of responding to public records requests under FOIA falls upon the public body, when it fails to produce the requested records, the requester may seek to enforce the Act against the public body. Indeed, FOIA provides that "any person denied access to inspect or copy any public record by a public body may file suit for injunctive relief or declaratory relief," (5 ILCS 140/11(a) (West 2018)); and "[t]he circuit court shall have the jurisdiction to enjoin the public body from withholding public records and to order the production of any public records improperly withheld from the person seeking access." 5 ILCS 140/11(d) (West 2018); see also 5 ILCS 140/11(b), (c) (West 2018). Moreover, the trial court may enforce its order against the public body by imposing civil penalties on the public body. 5 ILCS 140/11(j) (West 2018). Taken together, these FOIA sections provide two reasons why petitioners, like plaintiff here, may only prosecute a legal action to enforce the Act against a public body. First, as we have said, it is the public body—not the individual—who is tasked with receiving and responding to FOIA requests. Second, FOIA gives the circuit court jurisdiction over the *public body*.

¶ 17 FOIA defines a "public body" as follows:

"[A]ll legislative, executive, administrative, or advisory bodies of the State, state universities and colleges, counties, townships, cities, villages, incorporated towns, school districts and all other municipal corporations, boards, bureaus, committees, or commissions of this State, any subsidiary bodies of any of the foregoing including but not limited to committees and subcommittees thereof, and a School Finance Authority created

- 8 -

under Article 1E of the School code." 5 ILCS 140/2(a) (West 2018).

We previously observed that "section 2(a) does not include individual members of those bodies in its definition of 'public body.' " (Emphasis omitted.) *City of Champaign*, 2013 IL 120662, ¶ 33. It is neither a logical nor jurisprudential leap, then, to observe now that section 2(a)'s definition of "public body" does not include employees in those bodies, like Freedom of Information officers or other individuals acting in their official capacities. Indeed, the First District twice reached the same conclusion in *Korner v. Madigan*, 2016 IL App (1st) 153366, 69 N.E.3d 892 and *Quinn v. Stone*, 211 Ill. App. 3d 809, 570 N.E.2d 676 (1991). We find *Korner* particularly instructive.

¶ 18    There, the plaintiff filed a complaint naming as defendants several public officers acting in their official capacities and alleging those defendants "violated [her] rights under the Illinois FOIA by withholding the documents she sought." *Korner*, 2016 IL 153366, ¶ 6. The defendants filed a motion to dismiss, arguing "the Illinois FOIA applies only to public bodies, and not to individual public officers," but the trial court denied their motion. *Korner*, 2016 IL 153366, ¶ 6. On appeal, the First District explained our "General Assembly patterned the Illinois FOIA after the federal FOIA," (*Korner*, 2016 IL 153366, ¶ 10), and "[f]ederal courts have consistently held that 'the Freedom of Information Act authorizes suit against federal agencies, not against individuals.' " *Korner*, 2016 IL 153366, ¶ 1 (quoting *Morpurgo v. Board of Higher Education*, 423 F. Supp. 704, 714 n.26 (S.D.N.Y. 1976)). Consequently, the First District concluded: "Because Korner named as defendants only individuals, and not any public body, the trial court should have dismissed the complaint on the basis of the failure to name a proper defendant." *Korner*, 2016 IL 153366, ¶ 11 (citing *Quinn v. Stone*, 211 Ill. App. 3d 809, 811, 570

N.E.2d 676 (1991) (holding "[t]he trial court properly dismissed plaintiff's complaint *** on the basis that defendant is not a 'public body' as defined under the FOIA")).

¶ 19　　　　In light of FOIA's provisions and the *Korner* opinion, we conclude that in order to state a FOIA cause of action that would entitle the plaintiff to relief, the plaintiff must name a public body as a defendant, not an individual as a defendant—even if that individual is a public officer acting in her official capacity. And this is where the rubber meets the road in this case. Plaintiff failed to name a public body in his complaint. He named several individuals—including defendant Lisa Weitekamp—in their official capacities. Later, he limited his action to one defendant, Lisa Weitekamp, and averred the following in his motion for leave to file an amended complaint: "This complaint for injunctive relief, does not seek to control or enjoin the actions of, or impose sanctions on the I.D.O.C, only the actions of Lisa Weitekamp, the FOIA officer for the I.D.O.C. No other defendants are named in this action, nor were any served any summons." Not only did plaintiff fail to name a "public body" as defendant, but he eschewed any implication that he sought to enjoin a "public body" through Weitekamp.  This is not a mere oversight that we can now overlook or excuse because FOIA and *Korner* make clear that plaintiffs can only sue a public body to enforce FOIA claims. Since plaintiff failed to name a "public body" as a defendant to his FOIA claim, he failed to plead a cause of action that would entitle him to relief from a court and the trial court properly dismissed his complaint under section 2-615.

¶ 20　　　　　　　　　　　　　　III. CONCLUSION

¶ 21　　　　For the reasons stated, we affirm the trial court's judgment.

¶ 22　　　　Affirmed.